IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, | ) |
| | ) |
|         Plaintiff, | )   **ORDER DENYING DEFENDANT'S** |
| | )   **MOTION TO REDUCE SENTENCE** |
| vs. | ) |
| | ) |
| Russell Larell Berry, | )   Case No. 1:19-cr-007 |
| | ) |
|         Defendant. | ) |

Before the Court is the Defendant's *pro se* motion to reduce sentence pursuant to the First Step Act of 2018, filed on January 24, 2023. See Doc. No. 153. The Government filed a response in opposition to the motion on February 21, 2023. See Doc. No. 157. The Defendant filed a reply brief on May 3, 2023. See Doc. No. 163. For the reasons set forth below, the motion is denied.

I.   **BACKGROUND**

On February 26, 2020, the Defendant pled guilty to one count of conspiracy to distribute a controlled substance (500 grams or more of methamphetamine) in violation of 21 U.S.C. §§ 841(b)(1)((A)(viii) and 846. See Doc. No. 86. On June 23, 2020, the Court sentenced the Defendant to 108 months of imprisonment and 5 years of supervised release. See Doc. No. 100. No appeal was taken. The Defendant is serving his sentence at FMC Fort Worth in Fort Worth, Texas. His presumptive release date is November 9, 2026.

Now before the Court is the Defendant's *pro se* motion to reduce sentence under the First Step Act. The Defendant contends his health problems and age satisfy the "extraordinary and compelling reasons" standard set forth in 18 U.S.C. § 3582(c)(1)(A)(i). The Defendant also cites his good conduct while incarcerated. He asks that his sentence be reduced. The Government opposes the motion.

**II.     LEGAL DISCUSSION**

18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under two circumstances: by motion of the Director of the BOP or upon motion of the Defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In this case, it appears the Defendant asked the warden for compassionate release which was denied on August 31, 2021. See Doc. No. 153-4. The Court concludes he has exhausted his administrative remedies.

In considering a motion to reduce sentence, the Court must assess whether, after considering the 18 U.S.C. § 3553(a) factors, "extraordinary and compelling reasons" exist which warrant a sentence reduction, and if a sentence reduction is consistent with the Sentencing Commission's applicable policy statement. See 18 U.S.C. § 3582(c)(1)(A). There is no right to counsel in Section 3582(c) proceedings. United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009). Nor is there a right to a hearing. See Dillon v. United States, 560 U.S. 817, 827-28 (2010) (observing that, under Federal Rule of Criminal Procedure 43(b)(4), a defendant need not be present at a proceeding under Section 3582(c)(2) regarding the imposition of a sentencing modification).

Prior to the passage of the First Step Act in 2018, district courts could only grant compassionate release sentence reductions based upon a motion filed by the director of the BOP. Such motions were rarely filed. This all changed when the President signed the First Step Act into law on December 21, 2018. The relevant portion of the new law now reads as follows:

> **(c) Modification of an imposed term of imprisonment**.--The court may not modify a term of imprisonment once it has been imposed except that–
>
> **(1)** in any case–

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, <u>or upon motion of the defendant</u> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
>> **(i)** extraordinary and compelling reasons warrant such a reduction;
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C.A. § 3582(c)(1)(A)(I) (emphasis added).

Unfortunately, the First Step Act does not define "extraordinary and compelling reasons." The Sentencing Commission's policy statement can be found at Section 1B1.13 of the 2021 Sentencing Guidelines Manual. The policy statement requires a finding that a claimant meets three requirements: 1) extraordinary and compelling reasons warrant the reduction; 2) the defendant is not a danger to the community; and 3) the reduction follows the Sentencing Commission's policy statement. USSG § 1B1.13. However, the policy statement pertains to the old law rather than the new law and thus is of questionable applicability. See United States v. Beck, No. 1:13-CR-186-6, 2019 WL 2716505, at *6 (M.D.N.C. June 28, 2019) (concluding the old policy statement provides helpful guidance but does not control the district court's independent assessment of whether "extraordinary and compelling reasons" warrant a sentence reduction.). This Court agrees that the Sentencing Commission's existing policy statement provides only limited guidance. See United States v. Fox, No. 2:14-CR-03, 2019 WL 3046086, at *3 (D. Me. July 11, 2019).

The Application Note to U.S.S.G. § 1B1.13 provides as follows:

3

1. **Extraordinary and Compelling Reasons**.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under <u>any</u> of the circumstances set forth below:

    (A) **Medical Condition of the Defendant**.--

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is–

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) **Age of the Defendant**.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) **Family Circumstances**.--

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D) **Other Reasons**.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2. **Foreseeability of Extraordinary and Compelling Reasons**.--For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3. **Rehabilitation of the Defendant**.--Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

4. **Motion by the Director of the Bureau of Prisons**.--A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

   This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law.

5. **Application of Subdivision (3)**.--Any reduction made pursuant to a motion by the Director of the Bureau of Prisons for the reasons set forth in subdivisions (1) and (2) is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Even when extraordinary and compelling reasons exist, a court should only grant a motion for release if it determines that the defendant is not a danger to the public. See USSG § 1B1.13(2). A court should also consider whether the 18 U.S.C. § 3553(a) factors weigh in favor of release. See 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13. Whether to grant relief under Section 3582(c)(1)(A) is vested in the sound discretion of the district court. United States v. Vangh, 990 F.3d 1138, 1140 (8th Cir. 2021). The burden is on the defendant to demonstrate an "extraordinary and compelling reason" that would warrant a sentence reduction. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016).

The Court has carefully reviewed the entire record and concludes the Defendant has failed to demonstrate "extraordinary and compelling reasons" that would warrant a sentence reduction. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016) (the burden is on the defendant to establish a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2)). The case law offers very little guidance on what constitutes "extraordinary and compelling reasons" warranting a sentence reduction as the First Step Act is a recent enactment and the previous law only permitted the BOP to seek such relief, and it rarely did so. United States v. Cantu, No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019). The common legal definition of extraordinary is "beyond what is usual, customary, regular, or common" while a compelling need is defined as "so great that irreparable harm or injustice would result if [the relief] is not [granted]." Id. (quoting Black's Law Dictionary).

The Defendant is 56 years old. His age is not considered advanced under U.S.S.G. § 1B1.13(1)(B). The medical records submitted by the Defendant reveal he has diabetes, high blood pressure, hemiplegia, high cholesterol, obesity, uses a wheel chair at times, and requires the use of a catheter. However, the record does not reveal that he is unable to care for himself in a prison environment. He receives medical treatment and medication for all his health problems and resides in a Federal Medical Center which is able to care for him. The Court was aware of many of the Defendant's medical problems at the time of sentencing and recommended he serve his sentence in a Federal Medical Center. The Court concludes the Defendant's age and medical problems do not rise to the level of "extraordinary and compelling."

Even if the Defendant could establish extraordinary and compelling circumstances which warrant a sentence reduction, the Court would need to weigh the Section 3553(a) factors. In this case, the 3553(a) factors do not favor release. The Defendant's drug offense is serious. The Defendant has a lengthy criminal history which placed him in criminal history category VI for sentencing purposes.

His past offenses evidence a life of crime involving violence, gun crimes, a sex offense, and gang involvement. The PSR reveals no significant employment history. He has served approximately two-thirds of his current 108 month sentence and can expect to be released from BOP custody in approximately 3 1/2 years. Working in favor of the Defendant are the significant efforts he has made while incarcerated to obtain training and education of various types. See Doc. No. 163-1. Nevertheless, the Court concludes the Section 3553(a) factors weigh against early release.

### III.  CONCLUSION

The Court has carefully reviewed the entire record and concludes the Defendant has failed to demonstrate "extraordinary and compelling reasons" that would warrant a sentence reduction. Accordingly and for the reasons set forth above, the Defendant's motion to reduce sentence (Doc. No. 153) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 22nd day of May, 2023.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court