IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER GRANTING DEFENDANT'S** |
| ) | **MOTION TO REDUCE SENTENCE** |
| vs. ) | |
| ) | |
| Russell Larell Berry, ) | Case No. 1:19-cr-007 |
| ) | |
| Defendant. ) | |

Before the Court is the Defendant's *pro se* motion to reduce sentence pursuant to the First Step Act of 2018, filed on January 30, 2026. See Doc. No. 181. The Government filed a response to the motion on March 4, 2026, in which it states it is not opposed to the request. See Doc. No. 188. For the reasons set forth below, the motion is granted.

I.    **BACKGROUND**

On February 26, 2020, the Defendant pled guilty to one count of conspiracy to distribute a controlled substance (500 grams or more of methamphetamine) in violation of 21 U.S.C. §§ 841(b)(1)((A)(viii) and 846. See Doc. No. 86. On June 23, 2020, the Court sentenced the Defendant to 108 months of imprisonment and 5 years of supervised release. See Doc. No. 100. No appeal was taken. The Defendant is serving his sentence at FMC Fort Worth in Fort Worth, Texas. His presumptive release date is November 9, 2026.

The Defendant's first motion for a sentence reduction was denied on May 22, 2023. See Doc. No. 164. Now before the Court is the Defendant's second *pro se* motion to reduce sentence under the First Step Act. The Defendant contends his health problems and recent cancer diagnosis satisfy the

1

"extraordinary and compelling reasons" standard set forth in 18 U.S.C. § 3582(c)(1)(A)(i). The Defendant asks that his sentence be reduced. The Government is not opposed to the motion.

## II.  LEGAL DISCUSSION

18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under two circumstances: by motion of the Director of the BOP or upon motion of the Defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." It is undisputed the Defendant has exhausted his administrative remedies.

In considering a motion to reduce sentence, the Court must assess whether, after considering the 18 U.S.C. § 3553(a) factors, "extraordinary and compelling reasons" exist which warrant a sentence reduction, and if a sentence reduction is consistent with the Sentencing Commission's applicable policy statement. See 18 U.S.C. § 3582(c)(1)(A). There is no right to counsel in Section 3582(c) proceedings. United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009). Nor is there a right to a hearing. See Dillon v. United States, 560 U.S. 817, 827-28 (2010) (observing that, under Federal Rule of Criminal Procedure 43(b)(4), a defendant need not be present at a proceeding under Section 3582(c)(2) regarding the imposition of a sentencing modification).

Prior to the passage of the First Step Act in 2018, district courts could only grant compassionate release sentence reductions based upon a motion filed by the director of the BOP. Such motions were rarely filed. This all changed when the President signed the First Step Act into law on December 21, 2018. The relevant portion of the new law now reads as follows:

>  **(c) Modification of an imposed term of imprisonment**.--The court may not modify a term of imprisonment once it has been imposed except that–
>
>  **(1)** in any case–
>
>  **(A)** the court, upon motion of the Director of the Bureau of Prisons, <u>or upon motion of the defendant</u> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
>  **(i)** extraordinary and compelling reasons warrant such a reduction;
>
>  and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C.A. § 3582(c)(1)(A)(I) (emphasis added).

Unfortunately, the First Step Act does not define "extraordinary and compelling reasons." The Sentencing Commission's policy statement can be found at Section 1B1.13 of the 2021 Sentencing Guidelines Manual. The policy statement requires a finding that a claimant meets three requirements: 1) extraordinary and compelling reasons warrant the reduction; 2) the defendant is not a danger to the community; and 3) the reduction follows the Sentencing Commission's policy statement. USSG § 1B1.13. However, the policy statement pertains to the old law rather than the new law and thus is of questionable applicability. See <u>United States v. Beck</u>, No. 1:13-CR-186-6, 2019 WL 2716505, at *6 (M.D.N.C. June 28, 2019) (concluding the old policy statement provides helpful guidance but does not control the district court's independent assessment of whether "extraordinary and compelling reasons" warrant a sentence reduction.). This Court agrees that the Sentencing Commission's existing policy statement provides only limited guidance. See <u>United States v. Fox</u>, No. 2:14-CR-03, 2019 WL 3046086, at *3 (D. Me. July 11, 2019).

The Application Note to U.S.S.G. § 1B1.13 provides as follows:

1. **Extraordinary and Compelling Reasons**.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under <u>any</u> of the circumstances set forth below:

    (A) **Medical Condition of the Defendant**.--

        (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

        (ii) The defendant is–

            (I) suffering from a serious physical or medical condition,

            (II) suffering from a serious functional or cognitive impairment, or

            (III) experiencing deteriorating physical or mental health because of the aging process,

        that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) **Age of the Defendant**.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) **Family Circumstances**.--

        (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

        (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D) **Other Reasons**.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and

    compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2.  **Foreseeability of Extraordinary and Compelling Reasons**.--For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3.  **Rehabilitation of the Defendant**.--Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

4.  **Motion by the Director of the Bureau of Prisons**.--A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

   This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law.

5.  **Application of Subdivision (3)**.--Any reduction made pursuant to a motion by the Director of the Bureau of Prisons for the reasons set forth in subdivisions (1) and (2) is consistent with this policy statement.

U.S.S.G. § 1B1.13.

  Even when extraordinary and compelling reasons exist, a court should only grant a motion for release if it determines that the defendant is not a danger to the public. See USSG § 1B1.13(2). A court should also consider whether the 18 U.S.C. § 3553(a) factors weigh in favor of release. See 18 U.S.C. § 3582(c)(1)(A); USSG § 1B1.13. Whether to grant relief under Section 3582(c)(1)(A) is vested in the sound discretion of the district court. United States v. Vangh, 990 F.3d 1138, 1140 (8th Cir.

2021). The burden is on the defendant to demonstrate an "extraordinary and compelling reason" that would warrant a sentence reduction. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016).

The Court has carefully reviewed the entire record and concludes the Defendant has demonstrated "extraordinary and compelling reasons" that would warrant a sentence reduction. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016) (the burden is on the defendant to establish a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2)). The medical records submitted by the parties establish the Defendant has a myriad of health problems including aggressive prostate cancer, diabetes, high blood pressure, hemiplegia, and high cholesterol. He requires the regular use of a wheelchair and the use of a catheter. The record also reveals it is difficult for him to care for himself in a prison environment. The Court concludes the Defendant's medical problems rise to the level of "extraordinary and compelling" circumstances.

The Court must also weigh the Section 3553(a) factors. In this case, the 3553(a) factors favor release. The Defendant is seriously ill and wheelchair bound. Given his physical limitations, he is not a threat to society. He has served almost all of his 108-month sentence and could expect to be released from BOP custody in approximately 8 months were the Court to deny the motion. The Court concludes the Section 3553(a) factors weigh in favor of early release.

### III.   CONCLUSION

The Court has carefully reviewed the entire record and agrees with the parties that compassionate release is warranted under the circumstances. Accordingly, the motion (Doc. No. 181) is **GRANTED**. The Defendant's sentence is reduced to **TIME SERVED**. All terms and conditions of supervised release remain unchanged.

**IT IS SO ORDERED.**

Dated this 10th day of March, 2026.

                                              */s/ Daniel L. Hovland*
                                              Daniel L. Hovland, District Judge
                                              United States District Court